IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

TERENCE O. BOYD                                  PLAINTIFF

V.                       NO. 1:09CV160-A-D

STEVEN HAYNE, et al.                      DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court, *sua sponte*, for consideration of dismissal. *See* 28 U.S.C. §§ 1915(e)(2) and 1915(A). The Plaintiff, an inmate currently in the custody of the Mississippi Department of Corrections, filed this complaint pursuant to 42 U.S.C. § 1983. The Plaintiff complains about the fact of 1996 murder conviction. The Plaintiff is seeking monetary damages related to his conviction and incarceration.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), this court has come to the following conclusion.

### Section 1983 is not Appropriate Method to Challenge a Conviction

Any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to conditions of confinement may proceed under §1983. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983). The relief sought by the prisoner or the label he places upon the action is not the governing factor. *Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir. 1979). The rule which the Court of Appeals for the Fifth Circuit follows in determining whether a prisoner must first obtain habeas corpus relief before bringing a § 1983 action is simple: "if a favorable determination would not automatically entitle the prisoner to accelerated release, the proper vehicle for suit is § 1983. If it would so entitle him, he must first get a habeas corpus judgment." *Clarke v. Stalder*, 121 F.3d 222, 226 (5th Cir. 1997), *reh'g denied*, 133 F.3d 940 (1997) (*citing Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 736, 133 L. Ed. 2d 686 (1996)).

The Plaintiff must first obtain habeas corpus relief before bringing suit pursuant to § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). A cause of action under 42 U.S.C. § 1983 does not accrue until the plaintiff's conviction or sentence has been invalidated. *Id.* at 489-91. There is no proof or allegation that the Plaintiff's conviction has been called into question. Accordingly, The Plaintiff may not challenge the validity of his conviction or sentence by seeking damages under 42 U.S.C. § 1983.

Even if the court elected to construe his complaint as a petition for habeas corpus relief, his claims would be barred as a successive under 28 U.S.C. § 2244(b)(3)(A). The Plaintiff has unsuccessfully attempted to challenge the same conviction on at least four other occasions. *See Boyd v. Armstrong*, No. 1:01CV65 (Sept. 21, 2001); *Boyd v. State of Miss.*, No. 1:05MC22 (Oct. 24, 2005); *Boyd v. State of Miss.*, No. 1:07CV292 (Nov. 20, 2007); *Boyd v. State of Miss.*, No. 1:09CV172 (Aug. 25, 2009). In each case, the matter was dismissed or was transferred to the Fifth Circuit Court of Appeals where Boyd will have to seek permission to pursue habeas relief. In any event, the complaint should be dismissed as premature given that the Plaintiff's conviction has not been called into question.

A final judgment in accordance with this opinion will be entered.

THIS the 9th day of December, 2009.

/s/ Sharion Aycock
**U.S. DISTRICT JUDGE**